IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUAN MASCORRO**                                                     **PLAINTIFF**

**v.**                                          **CIVIL NO. 1:25-cv-00355-HSO-BWR**

**JACKSON COUNTY CIRCUIT COURT, et al.**          **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

When he filed his Complaint on November 21, 2025, *pro se* Plaintiff Juan Mascorro was an inmate housed at the Jackson County Adult Detention Center ("ADC") in Pascagoula, Mississippi. Compl. [1] at 2. Plaintiff's claims arise under 42 U.S.C. § 1983, and he names the Jackson County Circuit Court, the Jackson County ADC, and Jackson County as Defendants. *Id.* Plaintiff has requested leave to proceed *in forma pauperis*. Mot. [2].

On November 24, 2025, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.*, the Court sent Plaintiff a packet of information relevant to the prosecution of this lawsuit. Order [3]. Plaintiff was ordered to review the information and take one of two actions within thirty days. *Id.* "[I]f he . . . wants to continue with this case," Plaintiff was directed to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty

(30) days." *Id*. at 1. "[I]f he . . . wants to dismiss this case," Plaintiff was directed to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice." *Id*. at 2 (emphasis omitted). That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Plaintiff did not comply with the Court's Order [3] by the thirty-day deadline.

On January 8, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's previous Order [3]. Order [4] at 2. Plaintiff's responsive deadline was extended to January 22, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. The Order to Show Cause [4] and a copy of the November 24 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable. Plaintiff did not comply with the Order to Show Cause [4] by the January 22 deadline.

On January 30, 2026, the Court entered a Second and Final Order to Show Cause [5], allowing Plaintiff another chance to show cause for his failure to comply with the Court's Orders. Order [5] at 2. Plaintiff's responsive deadline was

2

extended yet again to February 13, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* at 2-3 (emphasis in original).  Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [4] [3]." *Id.* at 3.  The Second and Final Order to Show Cause [5], a copy of the Order to Show Cause [4], and a copy of the November 24 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable.

To date, Plaintiff has not responded to the Court's November 24, January 8, or January 30 Orders [3], [4], [5], nor has he otherwise contacted the Court about his case since he filed his Complaint on November 21, 2025.

## II. DISCUSSION

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte

dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has been pending for almost three months but has yet to progress past its infancy because of Plaintiff's failure to comply with the Court's Orders. Specifically, Plaintiff did not comply with three Court Orders [3], [4], [5], after being warned four times that failing to do so may lead to the dismissal of his case. Second and Final Order to Show Cause [5] at 2-3; Order to Show Cause [4] at 2; Order [3] at 2; Notice of Assignment [1-2] at 1. Despite these warnings, Plaintiff has failed to comply with the Court's Orders and has taken no action in this case for almost three months. Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff. It is apparent that he no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of February, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE